# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JAMMIE MAURICE WEST, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : CIVIL No: 5:17-CV-089-MTT-CHW |
| Warden FREDERICK HEAD; *et al*, : | |
| : | |
| Defendants. : | |

## ORDER AND RECOMMENDATION

Plaintiff Jammie Maurice West, a prisoner at Riverbend Correctional Facility in Milledgeville, Georgia, has filed a *pro se* civil rights action in this Court seeking relief under 42 U.S.C. § 1983. ECF No. 1.

For reasons stated herein, it is **RECOMMENDED** that GEO Corporation be **DISMISSED WITHOUT PREJUDICE**. It is **RECOMMENDED** that Plaintiff's claim that conditions in Riverbend Correctional Facility violate the Occupational Safety and Health Act's ("OSHA") laws and regulations be **DISMISSED WITH PREJUDICE**. Plaintiff's Eighth Amendment claim that the conditions at Riverbend Correctional Facility pose a serious threat to inmate health and Warden Frederick Head is deliberately indifferent to these conditions should proceed for further factual development.

## I. Motion to Proceed *in forma pauperis*

Plaintiff's motion for leave to proceed in this case without prepayment of the required filing fee was previously granted, and Plaintiff has paid the initial partial filing fee

as ordered. ECF Nos. 2, 6. Plaintiff remains responsible for the remainder of the $350.00 filing fee. The **CLERK** shall thus forward a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

In accordance with the provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b), Plaintiff's custodian (and any successor custodians) shall ensure that twenty percent (20%) of the income credited to Plaintiff's account (at the institution or facility which he is confined) be remitted to the Clerk of this Court until the $350.00 filing fee has been paid in full. It is **ORDERED** that Plaintiff's custodian forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is authorized in the event Plaintiff is released from custody and fails to remit payments.

## II. Preliminary Screening of Plaintiff's Complaint

### A. Standard of Review

In accordance with the PLRA, the district courts are obligated to conduct a

preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Boxer X,* 437 F.3d at 1110 (quoting *Hughes*, 350 F.3d at 1160). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

"A claim is frivolous only if it 'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id*. (quoting *Neitzke*, 490 U.S. at 327). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555

3

(first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

### B. Plaintiff's Claims

Plaintiff states that since his arrival at Riverbend Correctional Facility on May 22, 2014, he has been housed in the G, I, and F dorms. ECF No. 1 at 5. He complains that the G and I dorms have "serious issues" that violate the Occupational Safety and Health Act. *Id*. He contends that the F dorm, in which he is currently housed, has mold in the ceiling tiles, showers, exit doors, sky lights, and utility closet. *Id*. He states the vents are not being cleaned and the air conditioning filters are not being changed. *Id*. According to Plaintiff, the ventilation fans are not "turned on[,] so a sour smell is always [present] in [the] dorms." *Id*. Plaintiff states they are given "watered-down chemicals" to clean on the weekdays, but not on weekends or holidays. *Id*.

In a statement attached to his complaint, Plaintiff alleges that: the ice coolers are old

and smell of mold; the showers lack water pressure; the food trays are not properly cleaned; plastic utensils are re-used; "rats are running around outside of the chow hall"; there are no fire extinguishers in the dorms; exit signs are not posted in the doorways; and the water from the sinks and water fountains is dirty or contaminated and "stinks." ECF No. 1-1 at 1.

Plaintiff alleges the mold and unsanitary conditions have impacted his health. He states that he suffers from various chronic conditions, including vomiting, nose bleeds, cramps, headaches, toe nail fungus, irritated eyes, and diarrhea. ECF No. 1 at 5. He complains that in December 2016, he, along with six or seven other inmates, had to receive medical attention because they all suffered from diarrhea and vomiting. ECF No. 1-1 at 1.

Plaintiff wants "OSHA to come in and investigate." ECF No. 1 at 6. He also wants his medical bills to be paid and to be compensated $100,000 for his "medical issues, sickness, mental ang[u]ish, etc." Id.

**C. Analysis**

1. <u>STATUTE OF LIMITATIONS</u>

The statute of limitations for claims brought under § 1983 is two years. *Thigpen v. Bibb Cty.*, 223 F.3d 1231, 1243 (11th Cir. 2000). A *pro se* prisoner's complaint is deemed filed with the court on the day the prisoner gives the complaint to prison officials for mailing. *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). Absent evidence to the contrary, the Court finds Plaintiff delivered his complaint to prison officials on the day he signed it, February 24, 2017. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

5

Plaintiff complains of conditions dating back to May 22, 2014. Generally, any claim that accrued prior to February 24, 2015, would be time-barred. Plaintiff, however, complains that the unconstitutional conditions of confinement have been on-going. "The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur with the statutory period. *Robinson v. United States*, 327 F. App'x 816, 818 (11th Cir. 2007) (per curiam) (citations omitted). When the unlawful conduct is continuous, the cause of action does not accrue, and the limitation period does not begin to run until the conduct ceases. *Id.* (citation omitted). "'The critical distinction in continuing violation analysis . . . is whether the plaintiff[] complain[s] of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of a violation into the present, which does.'" *Id.* (quoting *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003). It is assumed, only for the purpose of the present screening review, that Plaintiff can establish a "continuing violation," which may extend the limitations period. *See Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001) (finding the district court should not dismiss under 28 U.S.C. § 1915A unless it appears "beyond a doubt from complaint itself" that the statute of limitations would bar the claim).

2. OSHA VIOLATIONS

Plaintiff complains that the G and I dorms have "serious issues that violate OSHA's rules." ECF No. 1 at 5. He wants OSHA to investigate these issues. OSHA's purpose is "'to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources.'" *R.T. Vanderbilt Co.*

6

*v. Occupational Safety & Health Review Comm'n*, 708 F.2d 570, 577 (11th Cir. 1983) (citations omitted). OSHA's rules "represent[] a carefully balanced legislative compromise concerning two primarily interested groups—employers and employees." *Id*. (citation omitted). "Limitation of access to judicial review under the Act to employers, employees, and the Secretary of Labor helps to preserve this balance and appears to have been intended by Congress." *Id*. (citation omitted). Plaintiff is not an employee, employer, or the Secretary of Labor. He, therefore, does not have standing to bring an action alleging a violation of OSHA's rules and regulations. *See also Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976 (5th Cir. 1975) (holding no private right of action under OSHA).[1]

It is, therefore, **RECOMMENDED** that Plaintiff's claim that the conditions in Riverbend Correctional Facility violate OSHA's rules and regulations be **DISMISSED WITH PREJUDICE**.

### 3. EIGHTH AMENDMENT VIOLATIONS

Plaintiff's factual allegations regarding the conditions at Riverbend Correctional Facility state a potential claim arising under the "cruel and unusual punishments" clause of the Eighth Amendment, which applies to the states through the Fourteenth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981) (holding that the "cruel and unusual punishments" standard applies to a prisoner's conditions of confinement). Of course, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

7

constitutional rights. *Id*. at 349. The Constitution does not mandate comfortable prisons. *Id*.

A two-part analysis governs Eighth Amendment conditions of confinement claims. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Under the first, "objective component," the prisoner must demonstrate that (1) the deprivation alleged is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" only "extreme deprivations" will make out a conditions-of-confinement claim. *Hudson*, 503 U.S. at 9 (1992) (citations omitted). "Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.'" *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).

A prisoner must also satisfy a "subjective component." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). He must demonstrate that the defendant "'acted with a sufficiently culpable state of mind' with regard to the conditions at issue. The proper standard is that of deliberate indifference." *Chandler*, 379 F.3d at 1289 (citations omitted). That is, the defendant knew of and disregarded an excessive risk to prisoner health and safety. *Farmer*, 511 U.S. at 837. "[T]he [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. "Negligence does not suffice to satisfy this standard." *Chandler*, 379 F.3d at 1289.

a. Objective Component

To determine if Plaintiff has established the first prong of this test, the Court questions whether subjecting Plaintiff to all of the various deprivations he described in his complaint and attached statement has deprived him of the civilized measures of life's necessities. To answer this question, the Court "is concerned with both the 'severity' and the 'duration' of the prisoner's exposure to" such conditions. *Chandler*, 379 F.3d at 1295. Plaintiff claims the various unsanitary conditions are pervasive and have been on-going for years. ECF No. 1 at 5. He also complains that he is presently suffering physical harm due to the conditions. *Compare Jordan v. Franks*, No. 4:10-CV-164, 2010 U.S. Dist. LEXIS 108560, at *4 (S.D. Ga. August 30, 2010) (dismissal recommended because plaintiff failed to allege any health conditions resulting from exposure to mold and mildew), *with Smith v. Leonard*, 244 F. App'x 583, 584 (5th Cir. 2007) (reversing district court, finding action should not have been dismissed as failing to state a claim when prisoner alleged exposure to mold and mildew caused headaches, sinus problems, trouble breathing, blurred vision, and fatigue). At this stage in the litigation, the Court finds that Plaintiff's allegations that mold, mildew, lack of ventilation, and unsanitary conditions have caused his various health conditions, are sufficiently serious to implicate the Eighth Amendment.

The Court notes that Plaintiff does not allege the lack of fire extinguishers and posted exits have caused him any harm. The Eleventh Circuit, however, has stated there is "no doubt that a complete lack of fire extinguishers or other fire-safety measures could pose an unreasonable risk of serious harm to an inmate's health and safety." *Ivory v.*

9

*Warden*, 600 F. App'x 670, 677 (11th Cir. 2015) (finding summary judgment appropriate when plaintiff alleged lack of fire-safety protection because defendants provided evidence that the prison had sprinkler systems, fire extinguishers, and inmates trained to fight fires). Though it may be shown to be untrue later, at this stage in the litigation, the Court must assume the truth of Plaintiff's allegations and assume there are no fire safety measures at Riverbend Correctional Facility.

Plaintiff has, therefore, established the objective component of the Eighth Amendment's condition of confinement analysis.

b. Subjective Component

The next issue is whether any named Defendant knew of and disregarded an excessive risk to inmate health and safety. *Farmer*, 511 U.S. at 837.

The caption of Plaintiff's complaint lists the Defendant as "Frederick Head Warden." ECF No. 1 at 1. In response to question twelve on the complaint ("List the full name, official position, and the place of employment of each [D]efendant in this lawsuit.") Plaintiff shows "Fred[e]rick Head-GEO." ECF No. 1 at 4. Presumably based on this answer, the Clerk's office has listed both Warden Frederick Head and the GEO Corporation ("GEO") as Defendants in this action.

When a private entity, such as GEO, "performs a function traditionally within the exclusive prerogative of state," that private entity can be considered a person acting under color of state law and can be liable under § 1983. *See Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (citing *Howell v. Evans*, 922 F.2d 712, 724 (11th Cir. 1991), vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated, by unpublished order

(11th Cir. June 24, 1991)). But, GEO may not be held liable on the basis of respondeat superior. *Id*. at 452-53. Instead, Plaintiff must allege causation by showing either (1) GEO was directly involved in the alleged constitutional violation, or (2) GEO had a policy or custom that led to the violation of Plaintiff's rights. *Id*.; *Ort v. Pinchback*, 786 F.2d 1105, 1107 (11th Cir. 1986). Plaintiff has alleged neither that GEO had direct involvement nor that GEO's policies or customs resulted in the unconstitutional conditions at the Riverbend Correctional Facility and his resulting illnesses. It is not entirely clear that Plaintiff even sought to add GEO as a named Defendant.

It is, therefore, **RECOMMENDED** that GEO be **DISMISSED WITHOUT PREJUDICE** from this action.

The Court presumes that Plaintiff listed Warden Frederick Head as a Defendant because he is that warden of Riverbend Correctional Facility. Liability under § 1983 must be based on something more than one's supervisory position. "[S]upervisory officials are not liable under §1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'" *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994)). To hold a supervisory official, such as Warden Head liable, Plaintiff must demonstrate that either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between Warden Head's actions and the alleged objectionable conditions. *Id.* (citation omitted). Plaintiff has not alleged that Warden Head personally caused, contributed to, or had any involvement with the unsanitary conditions at Riverbend Correctional Facility.

The question, therefore, is whether Plaintiff has alleged facts to show a causal connection between Warden Head's actions and the objectionable conditions alleged in his complaint. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). A causal connection can be shown when (1) "a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights"; (2) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so" or (3) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so" *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)(internal quotation marks and citations omitted). Plaintiff's facts neither establish a custom or policy nor support an inference that Warden Head directed his subordinates to maintain the allegedly unsanitary conditions.

The third way of establishing a causal connection—"widespread abuse"—presents a closer question in this case. The standard for demonstrating widespread abuse is high in the Eleventh Circuit. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) "[D]eprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id*. "[A] causal connection could be established by a widespread history of [unsanitary conditions] at the [Riverbend Correctional Facility] . . . sufficient to notice [Warden Head] of these objectionable conditions." *Id*. Plaintiff alleges the unsanitary conditions have been on-going since at least 2014, that he has suffered from chronic

illnesses as a result of these conditions, and that numerous other inmates have become ill due to the conditions. Based on Plaintiff's allegations, an argument could be made that there has been a widespread history of unsanitary conditions that made inmates ill at Riverbend Correctional Facility. Thus, construed liberally, as required at this stage in the litigation, Plaintiff's Eighth Amendment claim against Warden Head cannot be dismissed as frivolous or failing to state a claim.

### III. Conclusion

It is **RECOMMENDED** that GEO Corporation be **DISMISSED WITHOUT PREJUDICE**. It is **RECOMMENDED** that Plaintiff's claim that conditions in Riverbend Correctional Facility violate OSHA's laws and regulations be **DISMISSED WITH PREJUDICE**. Plaintiff's Eighth Amendment claim that the conditions at Riverbend Correctional Facility pose a serious threat to inmate health and Warden Frederick Head is deliberately indifferent to these conditions should proceed for further factual development.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal

conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant, it is accordingly **ORDERED** that service be made on Defendant Warden Frederick Head and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

# FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

# DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing

supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 6th day of November, 2017.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge